UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
S B ICE, LLC,
a Florida limited liability company,

    Plaintiff,

v.

MGN, LLC d/b/a TOUCH, a New York limited
liability company, MUHAMET NIKEZI, an
individual, and NAIM NEZAJ, an individual,

    Defendants.
------------------------------------------------------------x



08 CV 03164

COMPLAINT

JURY TRIAL REQUESTED

The Plaintiff S B ICE, LLC, ("S B ICE"), by its undersigned attorneys, as and for its Complaint against Defendants MGN, LLC d/b/a TOUCH, MUHAMET NIKEZI, and NAIM NEZAJ, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under common law.

2. The Court has original jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 with respect to the claims arising under the laws of New York State. The claims asserted herein arose in this district and Defendants are offering, providing, or attempting to provide its unauthorized services in this district.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants reside and/or conduct or have conducted business in this

judicial district and a substantial part of the events giving rise to the claims occurred in this district.

4. This Court has personal jurisdiction over Defendant MGN since, upon information and belief, it is engaged in substantial business within this district. Specifically, upon information and belief, MGN operates and maintains business operations and offers and provides infringing services to consumers within this district. This Court has personal jurisdiction over Defendants MUHAMET NIKEZI and NAIM NEZAJ since, upon information and belief, they both reside within this district.

## THE PARTIES

5. Plaintiff S B ICE is a limited liability company organized and existing under the laws of Florida, having its principal place of business at 910 Lincoln Road, Miami Beach, Florida 33139. Plaintiff is, *inter alia*, engaged in the business of providing and offering bar and nightclub services to customers throughout the United States, including within this district.

6. Upon information and belief, MGN is a limited liability company organized and existing under the laws of the State of New York, which has its principal place of business at 240 West 52nd Street, New York, New York 10019.

7. Upon information and belief, Defendant MUHAMET NIKEZI is an adult individual residing within this district and is one of the principals operating MGN, as set forth more fully below.

8. Upon information and belief, Defendant NAIM NEZAJ is an adult individual residing within this district and is one of the principals operating MGN, as set forth more fully below.

## **GENERAL ALLEGATIONS**

9. Plaintiff S B ICE is the owner of the service mark TOUCH for use in connection with nightclub and restaurant services ("Plaintiff's Trademark"). Plaintiff's Trademark is the subject of United States Trademark Registration No. 2,862,317 for the mark TOUCH, registered on July 13, 2004, in connection with nightclub services (International Class 041) and restaurant services (International Class 043), bearing a date of first use of August 2000. A copy of U.S. Registration No. 2,862,317 directed to the mark TOUCH is attached hereto as Exhibit A.

10. Plaintiff S B ICE also owns Florida Trademark Registration No. T03000000313 for the mark TOUCH, which was registered on March 13, 2003, in connection with restaurant, food and beverage preparation and serving services (International Class 042), bearing a date of first use of August 2000. A copy of Florida Registration No. T03000000313 directed to the mark TOUCH is attached hereto as Exhibit B.

11. Plaintiff provides nightclub, bar, restaurant, food and beverage preparation and serving services under Plaintiff's Trademark, which are conducted, advertised and offered for sale in intrastate, interstate, foreign and electronic commerce.

12. From at least as early as August 2000 and continuing to date, Plaintiff has operated a nightclub and restaurant under the TOUCH mark. Plaintiff has spent substantial time, money and effort promoting Plaintiff's Trademark.

13. As a result of the restaurant, bar, nightclub, food and beverage preparation and serving services provided by Plaintiff, the name and mark TOUCH has become a strong, well and favorably known designation of origin to the general public throughout the United States for the goods and services of Plaintiff. Plaintiff has established extensive goodwill and public

recognition for the TOUCH mark nationally and internationally, including New York State, as an exclusive identification of the services offered and goods sold by Plaintiff.

14. MGN transacts business and provides its services in this district through a nightclub named "TOUCH," which is located within the district, specifically, New York City. Upon information and belief, Defendants are engaged in the nightclub business and in use of the TOUCH mark, which infringes Plaintiff's Trademark, is confusingly similar to the Plaintiff's Trademark and unfairly competes with Plaintiff.

15. Defendants have adopted, advertised and used the wording "TOUCH" as part of their mark to identify their services and, as a result, are (i) trading on the goodwill and reputation of Plaintiff, (ii) capitalizing on the substantial expenditures made by Plaintiff in advertising and promoting the TOUCH mark, and (iii) misleading the purchasing public into believing MGN's services are authorized, connected with, sponsored or approved by Plaintiff.

16. Upon information and belief, Defendants began using the name and mark "TOUCH" to identify its nightclub services on or about November 29, 2007, well after Plaintiff's first use of the mark for bar, restaurant and nightclub services in August of 2000.

17. Upon information and belief, Defendants have been using Plaintiff's Trademark with full knowledge and willful disregard of Plaintiff's exclusive rights to the TOUCH mark. Defendants' conduct is intentional, willful, wanton, fraudulent and malicious, and is being undertaken with intent to reap the benefit of Plaintiff's goodwill associated with the TOUCH mark and registrations.

18. Defendants NIKEZI and NEZAJ were the moving, active and conscious forces behind MGN's acts of infringement and unfair competition in their selection and decisions to adopt and continue using Plaintiff's Trademark, and in authorizing and approving such acts.

19. Plaintiff has at no time consented to Defendants' use of Plaintiff's Trademark or any similar variations thereof. Plaintiff will suffer great and irreparable harm if Defendants continue to use Plaintiff's Trademark in commerce. Such harm is cumulative, and escalates each day the unauthorized use continues. As such, Plaintiff has no adequate remedy at law.

20. Defendants' use of Plaintiff's Trademark is likely to cause, and is causing confusion, mistake and deception among the general consuming public and trade as to the origin and quality of Plaintiff's and Defendants' services, and Defendants have been unjustly enriched thereby.

21. As a direct and proximate result of Defendants' acts described herein, Plaintiff has been required to retain the undersigned and other counsel, and has agreed to pay a reasonable fee for their services, and to reimburse them for expenses.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement—15 U.S.C. § 1114)

22. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through twenty-one (21) above, as if set forth fully herein.

23. Commencing after November 29, 2007, Defendants, without Plaintiff's consent, have engaged in the acts of offering, providing, promoting and otherwise advertising bar and nightclub services under the "TOUCH" mark, thereby infringing upon Plaintiff's Trademark.

24. Defendants have been providing, offering, advertising and promoting services bearing infringing imitations or exact replicas of Plaintiff's Trademark. Defendants are continuously infringing and inducing others to infringe the Plaintiff's Trademark through such acts.

25. Defendants' actions constitute infringement of Plaintiff's trademark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendants' unlawful actions have caused and are continuing to cause damages to Plaintiff in an amount to be determined at trial and Plaintiff is entitled to injunctive relief.

**SECOND CLAIM FOR RELIEF**
(False Designation of Origin and Unfair Competition—15 U.S.C. § 1125-A)

27. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through twenty-six (26) above, as if set forth fully herein.

28. Upon information and belief, Defendants have and are using Plaintiff's Trademark in connection with bar and nightclub services and are advertising said services throughout the United States under Plaintiff's Trademark.

29. The use of Plaintiff's Trademark by Defendants is a deliberate attempt to imitate and replicate the Plaintiff's Trademark. Accordingly, Defendants' activities are likely to cause confusion among the general public and in the trade as to the origin of the infringing services, and to create a mistaken belief of association with or sponsorship by Plaintiff.

30. Defendants have used false designations of origins and false descriptions and representations in connection with their services, including words or other symbols which tend to falsely describe or represent such services as connected to Plaintiff. Defendants have provided such services in commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

31. Defendants' actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF
(Common Law Trademark Infringement)

33. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through thirty-two (32) above, as if set forth fully herein.

34. Commencing on or about November 29, 2007, Defendants have provided, offered, advertised and promoted services in connection with Plaintiff's Trademark, in commerce, without Plaintiff's consent, which infringes Plaintiff's Trademark.

35. As a result of the confusing similarity of the mark used by Defendants and the other infringing conduct described above, Defendants have infringed upon Plaintiff's exclusive common law rights in and to Plaintiff's Trademark, in that such use is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of the respective services.

36. Defendants' use of the marks identical and/or confusingly similar to Plaintiff's Trademark in connection with bar and nightclub services and the other conduct set out above constitutes infringement of Plaintiff's common law trademark rights in and to Plaintiff's Trademark.

37. Defendants' conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and will continue to damage Plaintiff and deceive the public unless enjoined by this Court.

38. Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

39. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through thirty-eight (38) above, as if set forth fully herein.

40. The aforesaid use by Defendants of marks identical and/or confusingly similar to Plaintiff's Trademark, and Defendants' other conduct described above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff of Defendants' business.

41. Upon information and belief, the aforesaid use by Defendants of marks identical and/or confusingly similar to Plaintiff's Trademark in connection with services similar or identical to those sold by Plaintiff, and Defendants' other conduct described above was calculated to deceive or confuse the public and to profit unjustly from the respective goodwill of Plaintiff in its trademark.

42. Defendants' actions constitute unfair competition with Plaintiff under common law.

43. Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

**WHEREFORE**, Plaintiff seeks judgment as follows:

A. A preliminary and permanent injunction enjoining Defendants and MGN's respective officers, agents, servants, employees, attorneys, and those persons in concert or participation with any of them: (1) from using in any way Plaintiff's Trademark or any designation, design or trade dress so similar as to be likely to cause confusion, mistake or deception with, or to dilute in any way Plaintiff's Trademark, and (2) from unfairly competing with Plaintiff in any manner;

B. Ordering Defendants to sequester, forfeit and deliver up for destruction all materials bearing Plaintiff's Trademark and any similar variations thereof, in their possession or control, or in the possession or control of any of their agents;

C. Ordering Defendants to pay Plaintiff such actual damages to be determined at trial as it has sustained as a result of the infringement and dilution of Plaintiff's trademark and unfair competition ;

D. Ordering that Defendants account and pay to Plaintiff all profits derived from their acts of infringement and unfair competition, and all amounts which constitute unjust enrichment to be determined at trial;

E. Ordering Defendants to pay treble damages to Plaintiff;

F. Ordering Defendants to pay Plaintiff's reasonable attorneys' fees and costs;

G. Awarding Plaintiff pre-judgment interest on its judgment;

And granting Plaintiff such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands trial of its causes of action herein, and so triable as a matter of right, before a jury.

Dated: NewYork, New York
       March 28, 2008

                                        BRACEWELL & GIULIANI, LLP

                                    By: _____
                                        Rachel B. Goldman
                                        1177 Avenue of the Americas
                                        19th Floor
                                        New York, New York 10036-2714
                                        (212) 508-6135
                                        (212) 938-3835 (facsimile)

                                        ATTORNEYS FOR PLAINTIFF
                                        S B ICE, LLC

OF COUNSEL:

SANTUCCI, PRIORE & LONG, LLP
Michael I. Santucci, Esq.
Florida Bar No. 0105260
500 West Cypress Creek Road
Suite 500
Fort Lauderdale, Florida 33309
(954) 351-7474
(954) 351-7475 (facsimile)

Int. Cls.: 41 and 43

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,862,317
Registered July 13, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# TOUCH

S B ICE, LLC (FLORIDA LTD LIAB CO)
910 LINCOLN ROAD
MIAMI BEACH, FL 33139

FOR: NIGHT CLUB SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-0-2000; IN COMMERCE 8-0-2000.

FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 8-0-2000; IN COMMERCE 8-0-2000.

SER. NO. 76-522,977, FILED 6-17-2003.

TINA L. SNAPP, EXAMINING ATTORNEY





**FLORIDA DEPARTMENT OF STATE**
Glenda E. Hood
Secretary of State

March 18, 2003

MICHAEL I. SANTUCCI, ESQUIRE
500 W. CYPRESS CREEK ROAD, SUITE 500
FT. LAUDERDALE, FL 33309

The mark registration for TOUCH was filed on March 13, 2003, and assigned document number T03000000313. Please refer to this number whenever corresponding with this office. Please note if the address of the owner changes, it is the responsibility of the owner to notify this office in writing of such change.

It should be noted that registration of a mark by the Florida Department of State is a ministerial act intended solely to provide public notice of the registrant's ownership rights. The right of ownership of any mark is based on the use of a mark in the ordinary course of trade and is not based on a grant by the Florida Department of State. Further, it is the responsibility of the owners of an existing mark, not the Florida Department of State, to defend it in cases of infringement.

Please be aware if the owner's address changes, it is the responsibility of the owner to notify this office. To facilitate processing, please refer to the trademark's registration number on your change of address notice.

Enclosed please find your certificate.

Should you have any questions regarding this matter, please telephone (850) 245-6051, the Trademark Section.

Nanette Causseaux
Corporate Specialist Supervisor
Division of Corporations                    Letter number: 403A00016774

EXHIBIT "B"

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314