UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

S B ICE, LLC,
a Florida limited liability company,

            Plaintiff,

v.

MGN, LLC d/b/a TOUCH, a New York limited
liability company, MUHAMET NIKEZI, an
individual, NAIM NEZAJ, an individual,

            Defendants.

------------------------------------------------------------------x

Case No.: 08cv03164
Judge Cote

**DENIAL OF AFFIRMATIVE DEFENSES AND ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIM**

    Plaintiff/Counter-Defendant, S B ICE, LLC, by and through its undersigned counsel, hereby files the following Denial of Affirmative Defenses and its Answer and Affirmative Defenses to the Amended Counterclaim filed by Defendants MGN, LLC d/b/a **TOUCH**, MUHAMET NIKEZI, and NAIM NEZAJ, and alleges:

**DENIAL OF AFFIRMATIVE DEFENSES**

    Plaintiff/Counter-Defendant, S B ICE, LLC (Hereinafter referred to as "SB ICE"), hereby expressly denies the First (1st) through Twelfth (12th) Affirmative Defenses that were alleged by the Defendants MGN, LLC d/b/a **TOUCH**, MUHAMET NIKEZI, and NAIM NEZAJ ("Defendants") and demands strict proof by each of the Defendants thereof.

**ANSWER TO COUNTERCLAIM**

    1.    In response to Paragraph 56 of the Counterclaim, SB ICE hereby repeats and re-alleges SB ICE's admissions, denials and other allegations relative to Paragraphs 1 through 69 of Defendants' Amended Answer and Counterclaim, as if fully set forth herein.

    2.    SB ICE admits the allegations contained in Paragraph 57.

    3.    SB ICE admits the allegations contained in Paragraph 58.

    4.    SB ICE admits the allegations contained in Paragraph 59.

    5.    SB ICE denies the allegations contained in Paragraph 60 and demands strict proof thereof.

    6.    SB ICE denies the allegations contained in Paragraph 61 and demands strict proof thereof.

    7.    SB ICE denies the allegations contained in Paragraph 62 and demands strict proof thereof.

    8.    SB ICE denies the allegations contained in Paragraph 63 and demands strict proof thereof.

    9.    SB ICE denies the allegations contained in Paragraph 64 and demands strict proof thereof.

    10.    SB ICE admits the allegations contained in Paragraph 65 as to the fact that Counter-Defendant utilizes the mark "**TOUCH**" in connection with restaurant services. SB ICE denies the allegations contained in Paragraph 65 as to the fact that restaurant services are the only services associated with the mark "**TOUCH**" as used by Counter-Defendant, and that the mark "**TOUCH**" is used by the Counter-Defendant only in the State of Florida. SB ICE denies all other allegations contained in Paragraph 65 and demands strict proof thereof.

    11.    SB ICE admits the allegations contained in Paragraph 66 as to the fact that one of the remedies SB ICE seeks in this action is to prevent the Defendants from using the **TOUCH** service mark. However, SB ICE denies the allegations contained in Paragraph 66 to the extent that they imply that Defendants have any lawful right to use the **TOUCH** service mark in the

State of New York, York City, or anywhere in the United States.  SB ICE denies all other allegations contained in Paragraph 66 and demands strict proof thereof.

12.     SB ICE admits the allegations contained in Paragraph 67 as to the fact that one of the remedies SB ICE seeks in this action is to prevent the Defendants from using the **TOUCH** service mark.  However, SB ICE denies the allegations contained in Paragraph 67 to the extent that they imply that Defendants have any lawful right to use the **TOUCH** service mark in the State of New York, York City, or anywhere in the United States.  SB ICE denies that denies the allegations contained in Paragraph 67 as to the effect that SB ICE has no presence in New York City and State.  SB ICE denies all other allegations contained in Paragraph 67 and demands strict proof thereof.

13.     SB ICE denies that Defendants are entitled to any remedy, at law, in equity or otherwise.  SB ICE denies all other allegations contained in Paragraph 68 and demands strict proof thereof.

14.     SB ICE denies the allegations contained in Paragraph 69 and demands strict proof thereof.

15.     SB ICE specifically denies Defendants' prayer for attorneys' fees relative to its Counterclaim.  SB ICE denies all allegations that are not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIM

16.     For its First Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, it has been the owner of the following trademark registrations:

    a.     Federal Trademark Registration No. 2,862,317 for the mark **TOUCH**, registered on July 13, 2004, in connection with nightclub services (International Class 041)

and restaurant services (International Class 043), with a date of first use of August 2000 (See U.S. Registration No. 2,862,317 directed to the mark **TOUCH** attached to the Complaint as *Exhibit "A"*);

b.  Florida Trademark Registration No. T03000000313 for the mark **TOUCH**, registered on March 13, 2003, in connection with restaurant, food and beverage preparation and serving services (International Class 042), with a date of first use of August 2000 (See Florida Registration No. T03000000313 directed to the mark **TOUCH** attached to the Complaint as *Exhibit "B"*).

17.  For its Second Affirmative Defense, SB ICE would show unto the court that it commenced use of the mark **TOUCH** in connection with the subject services, and related services, years prior to the Defendants' commencement of use thereof. As such, SB ICE is the senior user, and has priority of right over Defendants to use the **TOUCH** mark in connection with the subject services and related services.

18.  For its Third Affirmative Defense, SB ICE would show unto the court that, at times material hereto, Defendants' use of the **TOUCH** mark has caused actual consumer confusion or mistake as to the source of the parties' respective services.

19.  For its Fourth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, Defendants' use of the **TOUCH** mark has created a likelihood of consumer confusion or mistake as to the source of the parties' respective services.

20.  For its Fifth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto Defendants' actions constitute a false designation of origin and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21.     For its Sixth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, Defendant's actions constitute infringement of Plaintiff's trademark in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

22.     For its Seventh Affirmative Defense, SB ICE would show unto the court that, at times material hereto, Defendants' actions have been willful, deliberate and/or have been done with reckless disregard of SB ICE's rights.

WHEREFORE, SB ICE respectfully requests that this Court enter judgment dismissing the Amended Counterclaim with prejudice, enter judgment in favor of SB ICE as to all claims and counterclaims, grant to S B ICE attorneys' fees, interest, and costs of this action, together with other and further relief which this Court may deem just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was electronically filed with the Court and forwarded via ECF to Glenn A. Wolther this 12th day of June, 2008.

                        Respectfully submitted,

                        Michael I. Santucci, Esq.
                        SANTUCCI PRIORE & LONG, LLP
                        Attorneys for Plaintiff
                        500 West Cypress Creek Road
                        Suite 500
                        Fort Lauderdale, Florida 33309
                        Telephone: 954.351.7474
                        Facsimile: 954.351.7475

                By:    s/s Michael I. Santucci
                           Fla. Bar No.: 0105260

        Co-Counsel for Plaintiff
Rachel B. Goldman, Esq.
**BRACEWELL & GIULIANI, LLP**
Attorneys for Plaintiff
1177 Avenue of the Americas
19th Floor
New York, New York 10036-2714
Telephone: 212-508-6135
Facsimile: 212-938-3835
E-Mail: rachel.goldman@bgllp.com

6

Int. Cls.: 41 and 43

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,862,317
Registered July 13, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# TOUCH

S B ICE, LLC (FLORIDA LTD LIAB CO)
910 LINCOLN ROAD
MIAMI BEACH, FL 33139

   FOR: NIGHT CLUB SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

   FIRST USE 8-0-2000; IN COMMERCE 8-0-2000.

   FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

   FIRST USE 8-0-2000; IN COMMERCE 8-0-2000.

   SER. NO. 76-522,977, FILED 6-17-2003.

   TINA L. SNAPP, EXAMINING ATTORNEY


EXHIBIT "A"



**FLORIDA DEPARTMENT OF STATE**
Glenda E. Hood
Secretary of State

March 18, 2003

MICHAEL I. SANTUCCI, ESQUIRE
500 W. CYPRESS CREEK ROAD, SUITE 500
FT. LAUDERDALE, FL  33309

The mark registration for TOUCH was filed on March 13, 2003, and assigned document number T03000000313. Please refer to this number whenever corresponding with this office. Please note if the address of the owner changes, it is the responsibility of the owner to notify this office in writing of such change.

It should be noted that registration of a mark by the Florida Department of State is a ministerial act intended solely to provide public notice of the registrant's ownership rights. The right of ownership of any mark is based on the use of a mark in the ordinary course of trade and is not based on a grant by the Florida Department of State. Further, it is the responsibility of the owners of an existing mark, not the Florida Department of State, to defend it in cases of infringement.

Please be aware if the owner's address changes, it is the responsibility of the owner to notify this office. To facilitate processing, please refer to the trademark's registration number on your change of address notice.

Enclosed please find your certificate.

Should you have any questions regarding this matter, please telephone (850) 245-6051, the Trademark Section.

Nanette Causseaux
Corporate Specialist Supervisor
Division of Corporations                    Letter number: 403A00016774

EXHIBIT "B"

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314