UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
 S B ICE, LLC
A Florida Limited liability company,

                                                    08 cv 3164 (DLC)

                   Plaintiff,

                                                  **SECOND AMENDED ANSWER AND COUNTERCLAIM**

              -against-

MGN, LLC d/b/a/ TOUCH, a New York limited
Liability company, MUHAMET NIKEZI, an
Individual, and NAIM NEZAJ, and individual,


                   Defendants.
--------------------------------------------------------------------------- x

      Defendants, (i) MGN, LLC d/b/a Touch and (ii) Muhamet Nikezi and, (iii) Naim Nezaj by their attorney, the Law Offices of Glenn A. Wolther, as and for their Answer to the Complaint, Affirmative Defenses, and Counter Claim respectfully allege, upon information and belief, as follows:

      1.      Admit that plaintiff claims in paragraph "1" of the Complaint that this action is for trademark infringement under 15 U.S.C. §1114; unfair competition and false designation of origin under 15 U.S.A. §1225(a), and common law trademark infringement and unfair competition.  The averments constitute legal conclusions to which no further response is required.

2. Admit the plaintiff alleges in paragraph "2" of the Complaint that this Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1131 and 1338, and 1367. The averments constitutes legal conclusion to which no further response is required. Deny knowledge or information sufficient to form a belief as to allegations contained in the last sentence of paragraph "2" of the Complaint.

3. Admit the averments set forth in paragraph "3" of the Complaint that plaintiff claims that this Court's venue is based upon Title 28 U.S.C. Section 1391(b). Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "3" of the Complaint regarding "a substantial part of the events." Deny that defendants Muhamet Nikezi and Naim Nezaj reside in this district.

4. Deny the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "5" of the Complaint

6. Admit.

7. Deny the allegations contained in paragraph "7" of the Complaint that Muhamet Nikezi resides within this district. Further deny knowledge or

information sufficient to form a belief as to allegations that he is a "principal" as that term is undefined. However, admit that he is a member of MGN, LLC.

8. Deny the allegations contained in paragraph "8" of the Complaint that Naim Nezaj resides within this district. Further deny knowledge or information sufficient to form a belief as to allegations that he is a "principal" as that term is undefined. However, admit that he is a member of MGN, LLC.

9. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "13" of the Complaint.

14. Deny that defendants have infrindiged upon the "TOUCH" mark or that it is "confusingly similar" to plaintiff's alleged Trademark or that defendants "unfairly compete[]" with plaintiff. Admit that MGN, LLC transacts business and services within this district in a nightclub d/b/a Touch.

15. Admit that Defendant MGN LLC utilized the d/b/a Touch in connection with its New York City operations. Deny the remained of the averments contained within paragraph "15" of the complaint.

16. Admit that Defendant MGN, LLC begain to utilize the word Touch on or about November 29, 2007. Deny knowledge or information sufficient to form a belief as to the averments regarding plaintiff's "first use." Deny the remained of the averments contained within paragraph "16" of the complaint.

17. Deny the averments contained within paragraph "17" of the Complaint.

18. Deny the averments contained within paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "21" of the Complaint.

22. In response to the averments set forth in paragraph "22" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in paragraphs "1" through "21" of this Answer, inclusive of all subparts, as if fully set forth herein.

23. Deny the averments contained within paragraph "23" of the Complaint, except admit to the extent that on or about November 29, 2007 MGN LLC began utilizing the d/b/a Touch.

24. Deny the averments contained within paragraph "24" of the Complaint.

25. Deny the averments contained within paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "26" of the Complaint.

27. In response to the averments set forth in paragraph "27" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in paragraphs "1" through "26" of this Answer, inclusive of all subparts, as if fully set forth herein.

28. Deny the averments contained within paragraph "28" of the Complaint except admit that MGN, LLC utilizes the d/b/a Touch.

29. Deny the averments contained within paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "30" of the Complaint.

31. Deny the averments contained within paragraph "31" of the Complaint.

32. Deny the averments contained within paragraph "32" of the Complaint.

33. In response to the averments set forth in paragraph "33" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in

       paragraphs "1" through "32" of this Answer, inclusive of all subparts, as if fully set forth herein.

34.    Deny the averments contained within paragraph "34" of the Complaint, except admit to the extent that on or about November 29, 2007 MGN, LLC began utilizing the d/b/a Touch.

35.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "35" of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "36" of the Complaint.

37.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "38" of the Complaint.

39.    In response to the averments set forth in paragraph "39" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in

paragraphs "1" through "38" of this Answer, inclusive of all subparts, as if fully set forth herein.

40. Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "40" of the Complaint.

41. Deny the averments contained within paragraph "41" of the Complaint.

42. Deny the averments contained within paragraph "42" of the Complaint.

43. Deny the averments contained within paragraph "43" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. The complaint fails to state a claim upon which relief can be granted against Muhamet Nikezi individually, as he is not a proper party to this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim upon which relief can be granted against Naim Nezaj individually, as he is not a proper party to this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

47. There is no actual Article III case or controversy before this court, the court lacks subject matter jurisdiction, plaintiff's claims are not yet ripe for adjudication, plaintiff's claims are not redressable, plaintiff has not suffered any injury in fact, and plaintiff lacks standing.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

48. Acquiescence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

49. Abandonment.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

50. Fair Use.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

51. Plaintiff has no physical presence within New York City or State. Plaintiff does not have or maintain any bars, nightclubs, or restaurants within New York City or State utilizing the name Touch

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52. No likelihood of confusion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53. Third party use.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

54. The term is generic.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55. The term, as used by plaintiff, has not acquired secondary meaning within New York.

### AS AND FOR A FIRST COUNTERCLAIM BY MGN, LLC

56. Defendant MGN, LLC repeats and realleges each and every allegation contained in paragraphs 1 through 55 as if repeated fully herein.

57. This Court has jurisdiction based on 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338, 28 U.S.C. §§2201, 2202 and Rule 57. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367 and 1368(b), to entertain claims arising under state law.

58. Defendant MGN, LLC transacts business within New York City, New York.

59. MGN, LLC uses the name "Touch" in commerce in connection with its dance club which is licensed to serve alcoholic beverages within New York City.

60. MGN, LLC uses the word Touch in a different context, way, manner, and market place that does Plaintiff. The marks are not similar.

61. Upon information and belief, plaintiff SB ICE, LLC does not transact business utilizing the service mark Touch within New York City.

62. Upon information and belief, plaintiff SB ICE, LLC does not transact business utilizing the service mark Touch within New York State.

63. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any physical presence within New York City utilizing the name Touch.

64. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any physical presence within New York State utilizing the name Touch.

65. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any bars within New York City utilizing the name Touch.

66. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any bars within New York State utilizing the name Touch.

67. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any nightclubs within New York City utilizing the name Touch.

68. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any nightclubs within New York State utilizing the name Touch.

69. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any dance clubs within New York City utilizing the name Touch.

70. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any dance clubs within New York State utilizing the name Touch.

71. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any restaurants within New York City utilizing the name Touch.

72. Upon information and belief, plaintiff SB ICE, LLC does not have or maintain any restaurants within New York State utilizing the name Touch.

73. Upon information and belief, plaintiff, SB ICE, LLC utilizes the mark Touch in conjunction with a combination restaurant, bar, and nightclub in the State of Florida.

74. Plaintiff's assertion of, *inter alia*, trademark infringement jeopardizes MGN, LLC's continued and ongoing use of the service mark Touch for dance club and bar services within New York City and New York State.

75. While, upon information and belief, plaintiff has no physical presence, Bar, Nightclub, or Restaurant within New York City or State, its assertion of infringement jeopardizes MGN, LLC continued and ongoing use of the word Touch within New York City and State.

76. MGN, LLC has no adequate remedy at law.

77. MGN, LLC is entitled to a declaration by this court that it has not infringed upon plaintiff trademark under federal or state law.

**WHEREFORE**, Defendants, respectfully request: that this Court enter judgment dismissing the Complaint, deny plaintiff's request for injunctive relief, and further that judgment be entered on defendant MGN, LLC's counterclaim in its favor and against the plaintiff, granting to the defendant MGN, LLC the following:

(i) On its First Counterclaim a declaration of non infringement of plaintiff's trademark;

(ii) fees, interests, and costs of this action, together with other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 24, 2008

                                                Law Office of Glenn A. Wolther

                              By:    s/s Glenn A. Wolther
                                          Glenn A. Wolther [GW-5740]
                                          Law Office of Glenn A. Wolther
                                          305 Broadway, Suite 1102
                                          New York, New York 10007
                                          (212) 964-2120

cc.

Rachel B. Goldman, Esq. (via ECF)
Michael I. Santucci, Esq. (via ECF)