UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
S B ICE, LLC
A Florida Limited liability company,                    ECF CASE

                                                        **08 cv 3164 (DLC)**


                                    Plaintiff,


            -against-


MGN, LLC d/b/a/ TOUCH, a New York limited
Liability company, MUHAMET NIKEZI, an
Individual, and NAIM NEZAJ, and individual,




                                    Defendants.
------------------------------------------------------------------------ x



### DEFENDANTS MGN, LLC, MUHAMET NIKEZI, AND NAIM NEZAJ'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS THE COMPLAINT






                        Glenn A. Wolther [GW-5740]
                        Law Office Glenn A. Wolther
                        *Attorney for Defendants*
                        305 Broadway, Suite 1102
                        New York, NY 10007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………….………ii

PRELIMINARY STATEMENT………………………………....................1

INTRODUCTION………………………………………………………….1

SUMMARY OF RELEVANT FACTUAL ALLEGATIONS………………...3

STANDARD FOR DISMISSAL……………………………………………6

ARGUMENT………………………………………………………………..8

I.    PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIMS ARE
      NOT RIPE FOR ADJUDICATION UNDER THE LANHAM
      ACT OR UNDER ARTICLE III, SECTION 2  OF THE UNITED
      STATES CONSTITUTION……………………………………………8

      A.    PLAINTIFF'S TRADEMARK INFRINGEMENT
            CLAIMS ARE NOT RIPE FOR ADJUDICATION
            UNDER THE LANHAM ACT BECAUSE IT HAS
            NOT YET ENTERED THE NEW YORK MARKET
            MAKING CONSUMER CONFUSION IMPOSSIBLE………. 8

      B.    PLAINTIFF'S TRADEMARK INFRINGEMENT
            CLAIMS ARE NOT RIPE FOR ADJUDICATION
            UNDER ARTICLE III, SECTION 2 OF THE UNITED
            STATES CONSTITUTION BECAUSE THERE IS NO
            CASE OR CONTROVERSY BEFORE THIS COURT…........13

II.   THE COURT SHOULD DECLINE TO EXERCISE
      SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
      STATE LAW CLAIMS……………………………………………...15

      CONCLUSION…………………………………………………………...16

## TABLE OF AUTHORITIES

**CASES**

*Allen v. Wright,*
468 US 737 (1984)....................................................................................................13

*Armand's Subway, Inc. v. Doctor's Assocs.,*
604 F.2d 849 (4th. Cir. 1979)....................................................................................10

*Bell Atlantic Corp. v. Twombly,*
127 S.Ct. 1955 (2007)..................................................................................................7

*Brennan's Inc. v. Brennan's Restaurant, LLC,*
360 F3d 125 (2nd Cir. 2004).....................................................................................10

*Carnegie-Mellon University v. Cohill,*
484 U.S. 343 (1988)...................................................................................................16

*Castellano v. Bd. Of Trustees,*
937 F.2d 752 (2nd Cir. 1991).....................................................................................16

*Circuit City Stores, Inc. v. CarMax, Inc.*
165 F.3d 1047 (6th Cir 1999).....................................................................................10

*City of Los Angeles v. Lyons,*
461 U.S. 95  (1983),...................................................................................................14

*Cleveland v. Caplaw Enterprises.,*
448 F.3d 518 (2nd Cir. 2006)......................................................................................6

*Coach House Restaurant Inc. v. Coach and Six Restaurants,*
934 F.2d 1551 (11th Cir 1991)...................................................................................9

*Comidas Exquisitos, Inc. v. O'Malley & McGees, Inc,*
774 F.2d 260 (8th Cir. 1985).....................................................................................10

*Conopco, Inc. v. Roll Intern'l,*
231 F3d 82 (2nd Cir. 2000).........................................................................................6

*Continente v. Continente,*
378 F.2d 279 (9th Cir. 1967).....................................................................................10

*Dawn Donut Company, Inc. v. Hart's Food Stores, Inc.*
276 F2d 358 (2nd Cir. 1959)........................................................................................9

*First Nationwide Bank v. Gelt Funding Corp.,*
27 F.3d 763 (2d Cir. 1994)...........................................................................................6

*Flast v. Cohen,*
392 US 83 (1969)................................................................................................13

*Foxtrap Inc. v. Foxtrap Inc.,*
671 F.2d 636 (CADC 1982)..................................................................................9

*Hirsch v. Arthur Anderson & Co.,*
72 F.3d 1085 (2nd Cir 1995)...........................................................................4, 11

*In re Livent., Inc. Noteholders Securities Litigation,*
151 F.Supp.2d 371 (S.D.N.Y. 2001)...........................................................4, 7, 11

*Lujan v. Defenders of Wildlife,*
504 US 555 (1992)..............................................................................................13

*Minnesota Pet Breeders v. Schell & Kampeter,*
41 F.3d 1242 (8th Cir. 1994)..............................................................................10

*Motorola Credit Corp. v. Uzan,*
388 F.3d 39 (2nd Cir. 2004)..........................................................................15, 16

*Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
112 F. Supp. 2d 292 (S.D.N.Y. 2000). ..................................................................4

*Patane v. Clark,*
508 F.3d 106 (2nd Cir. 2007)...............................................................................7

*Roth v. Jennings,*
489 F.3d 499 (2nd Cir. 2007);...............................................................................5

*Sira v. Morton,*
380 F.3d 57 (2nd Cir. 2004..................................................................................4

*Steel Co v. Citizens for a better Environment,*
523 U.S. 83 (1998)..............................................................................................13

*Thompson Co. v. Holloway,*
366 F.2d 108 (5th Cir. 1966)................................................................................9

*United Mine Workers v. Gibbs,*
383 U.S. 715 (1966)............................................................................................16

*Virgin Enterprises Ltd.v. Nawab,*
335 F.3d 141 (2nd Cir. 2003)...............................................................................9

*What-A-Burger Of Virginia v. Whataburger, Inc,*
357 F.3d 441 (4th Cir. 2004 .................................................................................9

*Whitmore v. State of Arkansas,*
495 US 149 (1990)..............................................................................................14

## STATUTES AND RULES

15 U.S.C. § 1114.................................................................................................................1,8

15 U.S.C. § 1125(a) .........................................................................................................1, 8

18 U.S.C. §1357(c)(4)........................................................................................................15

Fed. R. Evd. 201(b).............................................................................................................4

New York Limited Liability Corporation Law §808(a) ..................................................4

## PRELIMINARY STATEMENT

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants MGN LLC ("MGN"), Muhamet Nikezi, and Naim Nezaj respectfully submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings to dismiss the Complaint of Plaintiff SB, ICE ("SB ICE") with prejudice.[1]

## INTRODUCTION

This Complaint must be dismissed in its entirety because Plaintiff has failed to plead a cognizable claim under the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. §§1051 *et seq.* and an actual case or controversy under the United States Constitution. Plaintiff asserts two claims under the Lanham Act, imitation of a registered trademark, 15 U.S.C. § 1114, and false designation of origin, 15 U.S.C. § 1125(a) as well as New York State common law claims for Trademark Infringement and Unfair Competition. Both federal and State law claims require a likelihood of consumer confusion before a plaintiff can prevail. The pleadings here make plain that there is no likelihood of consumer confusion between the service marks of Plaintiff and MGN.

Plaintiff has not and cannot plead a likelihood of consumer confusion because it has conceded that MGN does not compete in the same geographic market as Plaintiff. The Plaintiff acknowledged in its Answer to Defendant MGN's counterclaims that it operates in a wholly distinct geographic area than MGN. The Complaint and the pleadings are devoid of a single sufficient allegation suggesting that Plaintiff has concrete plans or even

---

[1] Although this Court has sole discretion to convert this motion to one for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants respectfully submit that this motion is not based upon extrinsic matters beyond the pleadings, matters of public record, and matters subject to judicial notice.

1

intends to operate in the same geographic market as MGN.   Any argument by Plaintiff that there may be future confusion between the service marks at issue here is of no consequence.    Federal courts do not adjudicate hypothetical disputes.

Since Plaintiff has only pled a potential confusion between the service marks at issue here, it logically follows that Plaintiff has not yet suffered any injury-in-fact as a result of Defendant MGN's use of the service mark at issue in the Complaint. This Court, therefore, is without jurisdiction to hear this case as Plaintiff has only alleged a hypothetical injury.  Under the United States Constitution, a federal court only has jurisdiction to adjudicate a dispute when there is an actual case or controversy. An actual case or controversy requires a plaintiff to be able to plead injury-in-fact.   An injury-in-fact refers to a harm that is distinct and palpable, as opposed to merely abstract and must be actual or imminent not conjectural or hypothetical. Here, it is clear that Plaintiff only complains of abstract potential future harms that are hypothetical. As such there is no jurisdiction.

Since Plaintiff's claims arising under federal law are not cognizable, this Court should decline to exercise supplemental jurisdiction over the pendant New York State common law claims for Trademark Infringement and Unfair Competition.  Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

## SUMMARY OF RELEVANT FACTUAL ALLEGATIONS

S B ICE, LLC ("Plaintiff") is a Florida limited liability company with its principal place of business in Miami Beach, Florida. (see Complaint "Compl." ¶5 attached as Exhibit A to the declaration of Glenn A. Wolther dated August 1, 2008). Plaintiff is engaged in the business of offering bar, restaurant, food, and beverage services. (see Compl. ¶11). Plaintiff alleges that it owns the service mark "Touch," which was purportedly registered with the Federal Trademark Office on July 13, 2004, number 2,862,317.  (see Compl. ¶9).  This purported  registration covers both nightclub and restaurant services. (Compl. ¶9) Plaintiff further contends that the first date of use of the mark was August 2000. (Compl. ¶9).

Although Plaintiff contends that it is, "engaged in the business of providing and offering bar and nightclub services to customers throughout the United States, including within [the Southern District of New York], (Compl. ¶5), there is not a single allegation contained in the pleadings suggesting it owns, operates or manages a bar, restaurant, or nightclub within the New York market[2] or has concrete plans to open such an establishment in New York market.  The fact that Plaintiff denied in its Answer to MGN's Counterclaim that it fails to maintain a physical presence or transact business utilizing the mark TOUCH within New York is insufficient.  (Denial of Affirmative Defenses and Answer and Affirmative Defenses to Second Amended Counterclaim "Answer"  ¶6-7 attached as Exhibit C to the declaration of Glenn A. Wolther dated August 1, 2008). This denial is inconsistent with Plaintiff's other averments in which

---

[2] Although Plaintiff denied in its Answer to Defendant MGN's counterclaims that it solely operates within the state of Florida, it fails to identify a single establishment that Plaintiff owns, operates or manages outside that jurisdiction.

Plaintiff concedes that it does not have or maintain any bars, nightclubs, dance clubs, or restaurants within New York City or State utilizing the mark Touch. (Second Amended Answer and Counterclaim "Counter Claim" ¶¶ 65-72), attached as Exhibit B to the declaration of Glenn A. Wolther dated August 1, 2008, and Answer ¶10-17.[3] Similarly, Plaintiff's assertions that the Touch mark has become a strong designation of origin to the general public and that it has established extensive goodwill national and internationally, including within New York State (Compl. ¶13) does not overcome the critical fact that Plaintiff  has not entered the New York market. Most interestingly, Plaintiff does not even allege--because it cannot- that it is registered to conduct business within the State of New York. [4]  Plaintiffs general and vague allegation that its advertising that, "provides nightclub, bar, restaurant, food and beverage preparation and serving services under Plaintiff's Trademark. . . conducted, advertised, and offered for sale in intrastate,

---

[3] "A court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."  *In re Livent., Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371, 405-06 (S.D.N.Y. 2001); See e.g. *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1095 (2nd Cir 1995) (Dismissal of complaint proper where "attenuated allegations" are "contradicted by both more specific allegations in the complaint and facts of which [the court] may take judicial notice."); *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 112 F. Supp. 2d 292, 305 (S.D.N.Y. 2000).

[4] The Court may consider plaintiff's lack of registration with the New York Department of States on this 12(c) motion because it is a matter of public record and subject to judicial notice. *Roth v. Jennings*, 489 F.3d 499, 509 (2nd Cir. 2007); *Sira v. Morton*, 380 F.3d 57 (2nd Cir. 2004); Fed. R. Evd. 201(b). Such matters are not considered extrinsic to the pleadings.  The New York Department of State's Division of Corporations has an online searchable Corporation and Business Entity database located at http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_en
Under New York Law a foreign Limited Liability Corporation that fails to register with the Department of State cannot commence an action in a New York Court.  *See*, New York Limited Liability Corporation Law §808(a)

interstate, foreign, and electronic commerce," (Compl. ¶11) is also insufficient. Plaintiff does not allege (because it cannot) that it maintains a specific advertising campaign aimed at New York City or State.

Defendant, MGN, LLC ("MGN") is a limited liability corporation organized under the laws of the State of New York. (Compl. ¶6) MGN transacts business within New York City, New York. (Compl. ¶14, Counterclaim ¶58). Since November of 2007, MGN has used the name "Touch" in connection with its dance club and bar located in New York City. (Compl. ¶16, Counterclaim ¶59). Plaintiff admits that MGN, does not use the name Touch in connection with restaurant services. (Counterclaim ¶59, Answer ¶4).


MGN uses the word Touch in a different context, way, manner and marketplace than does Plaintiff. (Counterclaim ¶60). MGN and Plaintiff's service mark are not similar. (Counterclaim ¶60.) For example, MGN does not operate a restaurant as does Plaintiff's Miami establishment. (Counterclaim ¶59, Answer ¶4).

Plaintiff does not claim that the marks look at all alike because they do not. MGN is neither registered to do business within the State of Florida nor alleged to intend to register, own and operate bar and/or nightclub establishments within the State of Florida or any other place within the United States for that matter.   There is also no allegation in the Complaint that MGN's establishment mimics in any other way the nightclub and/or bar allegedly owned by Plaintiff.  The pleadings are devoid of a single allegation that the design of MGN's establishment bears any similarities to Plaintiff's.  Plaintiff only makes the conclusory allegation that MGN has advertised its bar and nightclub services using

the Touch mark throughout the United States without providing more facts. (Compl. ¶28).

Nevertheless, Plaintiff has filed its Complaint asserting two claims under the Lanham Act, imitation of a registered trademark and false designation of origin. 15 U.S.C 1214 and 1225(a) and pendant New York State common law claims for Trademark Infringement and Unfair Competition.

## STANDARD FOR DISMISSAL

Dismissal under Rule 12(c) is appropriate when it is clear from the face of the pleadings, and consideration of matters which the court can take judicial notice of, that the plaintiff's claims are barred as a matter of law. *See Conopco, Inc. v. Roll Intern'l*, 231 F3d 82, 86-87 (2nd Cir. 2000). The standard of review for a motion to dismiss pursuant to Rule 12(c) is governed by the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Cleveland v. Caplaw Enterprises*., 448 F.3d 518, 521 (2nd Cir. 2006). In deciding a motion for judgment on the pleadings, the Court must take Plaintiff's allegations in its complaint as true and construe all inferences in Plaintiff's favor. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d. Cir. 2001) (stating that with a Rule 12(c) motion, "a district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."). And while the Court must accept plaintiff's well-pleaded allegations on this motion, "'conclusions of law or unwarranted deductions of fact are not admitted.'" *First Nationwide Bank v. Gelt*

6

*Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)  (internal citation omitted).  Nor is the court "obliged to accept as true claims that are self-contradictory or that the record otherwise disproves beyond doubt."  *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 112 F. Supp. 2d 292, 305 (S.D.N.Y. 2000); *See also*, *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1095 (2nd Cir 1995) (Dismissal of complaint proper where "attenuated allegations" are "contradicted by both more specific allegations in the complaint and facts of which [the court] may take judicial notice."); *In re Livent., Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371, 405-06 (S.D.N.Y. 2001)("A court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." ). The Court can dismiss a case when the Plaintiff cannot, "state enough facts to state a claim for relief that is plausible on its face." *Patane v. Clark,* 508 F.3d 106, 111-12 (2nd Cir. 2007)(*Quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**ARGUMENT**

I.    **PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIMS ARE NOT RIPE FOR ADJUDICATION UNDER THE LANHAM ACT OR UNDER ARTICLE III, SECTION 2 OF THE UNITED STATES CONSTITUTION**

    A.    **PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIMS ARE NOT RIPE FOR ADJUDICATION UNDER THE LANHAM ACT BECAUSE IT HAS NOT YET ENTERED THE NEW YORK MARKET MAKING CONSUMER CONFUSION IMPOSSIBLE**

Plaintiff asserts two claims under the Lanham Act against MGN, namely imitation of registered trademark, 15 U.S.C. §1114, and false designation of origin, 15 U.S.C. § 1125(a) solely on the basis that the business name of MGN's establishment is TOUCH. As explained below, the pleadings make evident that both claims are wholly without merit.

To prevail on a claim for imitation of a registered trademark and false designation of origin, a plaintiff must plead a likelihood of consumer confusion between the service mark of plaintiff and defendant.   15 U.S.C. §§ 1114, 1125(a)(1); *Brennan's Inc. v. Brennan's Restaurant, LLC*, 360 F3d 125,128 (2nd Cir. 2004) ("The key for a plaintiff in proving infringement of its trademark is to show the likelihood of consumer confusion"). Specifically, under section 1114, liability for imitation of a registered trademark, attaches with the non consensual, "use in commerce …of a registered mark….which such use is likely to cause confusion…" 15 U.S.C. §§ 1114.  Likewise, liability attaches under §1125(a), false designation of origin, when one " uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin…which- (a) is likely to cause confusion…." 15 U.S.C. §1125(a).  Since both

8

statutes require the same element for a plaintiff to prevail, courts have employed the same standard to determine whether a plaintiff has adequately pled and proved infringement of a registered trademark and false designation of origin. *Virgin Enterprises Ltd.v. Nawab*, 335 F.3d 141, 146 (2nd Cir. 2003). If a plaintiff cannot plead a likelihood of consumer confusion, claims under section 1114 and 1125(a) must be dismissed as a matter of law.

The Second Circuit, along with the Fourth, Fifth, Eighth, and Ninth Circuit Courts of Appeal have required a plaintiff to plead a present likelihood to use its service mark in the same geographic market as the defendant as a condition precedent to pleading a cognizable claim under the Lanham Act.[5]  The Second Circuit held in *Dawn Donut Company, Inc. v. Hart's Food Stores, Inc*. 276 F2d 358, 364 (2nd Cir. 1959), that "[i]f the use of the marks. . . are confined to two sufficiently distinct and geographically separate markets, with no likelihood that the registrant will expand his use into defendants market, so that no public confusion is possible, the registrant is not entitled to enjoin the junior users use of the mark."). See also *What-A-Burger Of Virginia v. Whataburger, Inc*, 357 F.3d 441,447 (4th Cir. 2004 )( "there is no likely confusion for a court to enjoin unless and until the senior user shows a likelihood of entry into the junior user's trade territory. [T]he injunctive remedy does not ripen until the registrant shows a likelihood of entry into the territory in question"); *Thompson Co. v. Holloway*, 366 F.2d 108, 114 (5th Cir.

---

[5] The Eleventh Circuit has implicitly endorsed the rule  *Coach House Restaurant Inc. v. Coach and Six Restaurants*, 934 F.2d 1551, 1562 (11th Cir 1991)("Even if registrant does not operate in the discrete, remote area in which petitioner uses its similar mark, a court will enjoin use by petitioner if the registrant decides to expand its business into that area." *Citing Dawn Donut Co. v. Hart's Foods*). Likewise, the D.C. Circuit in *Foxtrap Inc. v. Foxtrap Inc*., 671 F.2d 636, 640 (CADC 1982) also endorsed the rule, "Under the Lanham Act, a federal registrant is entitled to enjoin a remote junior user of the mark if there is a likelihood of the registrants entry into the disputed area." *Citing Dawn Donut Co. v. Hart's Foods*).

1966) (*same*) *Comidas Exquisitos, Inc. v. O'Malley & McGees, Inc*, 774 F.2d 260, 262

(8th Cir. 1985) (same); *Minnesota Pet Breeders v. Schell & Kampeter*, 41 F.3d 1242,

(8th Cir. 1994) (*same*); *Continente v. Continente*, 378 F.2d 279  (9th Cir. 1967) (same);

*But see Circuit City Stores, Inc. v. CarMax, Inc.* 165 F.3d 1047 (6th Cir 1999) (holding

that distinct geographic markets are but one factor in an eight part test.)

      The Eighth Circuit explained that under *Dawn Donut* although a holder of a

federally registered trademark may have a national *right* to exclusive use of a mark under

the Lanham Act, it is not entitled to a *remedy* unless and until the registered mark has

"penetrated" the trade area where the alleged infringement is occurring. *Minnesota Pet*

*Breeders v. Schell & Kampeter*, 41 F.3d 1242, 1246 (8th Cir. 1994). Similarly, the Fourth

Circuit explained, "there is a distinction between the rights that flow from ownership and

the remedies-including an owner's right to enjoin another person's use of the mark-that

ripen only when there is a likelihood of confusion. *Burger of Va., Inc. v. Whataburger,*

*Inc.*, 357 F.3d 441, 447 at n 4 (4th Cir. 2004). The Fourth Circuit added that, "even

though the owner of a federally registered trade mark has an exclusive right of use that

enjoys nationwide protection, the protection is only potential in areas where the registrant

in fact does not do business and that a competing user could use the mark there until the

registrant extends its business to the area it is only once such market penetration occurs

that a likelihood of consumer confusion can be established." *Id. citing, Armand's Subway,*

*Inc. v. Doctor's Assocs.,* 604 F.2d 849, 849-50 (4th. Cir. 1979).

      Here, Plaintiff admits that it does not utilize the service mark "Touch" in

conjunction with bar, dance club, or restaurant services within either New York City or

New York State. (Answer ¶¶10-17).  Moreover, there is not a single sufficient allegation

suggesting a concrete plan, let alone an intention or likelihood that Plaintiff will enter the

New York market.  Assuming as we must for purposes of this motion that Plaintiff holds

a legally valid trademark for the name Touch, Plaintiff is not entitled to relief under the

Lanham Act for MGN's use of the name Touch since it neither operates nor has

sufficiently alleged a concrete plan or likelihood to operate in New York.  Plaintiff's

denial in its Answer to MGN's Counterclaim that it fails to maintain a physical presence

or transact business utilizing the mark TOUCH within New York is insufficient.

(Answer ¶¶6-7).  This general denial should be ignored by the Court because is

inconsistent with Plaintiff's other more specific averments in which concedes that it does

not have or maintain any bars, nightclubs, dance clubs, or restaurants within New York

City or State utilizing the Touch mark. *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085,

1095 (2nd Cir 1995) (Dismissal of complaint proper where "attenuated allegations" are

"contradicted by both more specific allegations in the complaint and facts of which [the

court] may take judicial notice."); *In re Livent., Inc. Noteholders Securities Litigation*,

151 F.Supp.2d 371, 405-06 (S.D.N.Y. 2001) ("A court need not feel constrained to accept

as truth conflicting pleadings that make no sense, or that would render a claim incoherent,

or that are contradicted either by statements in the complaint itself or by documents upon

which its pleadings rely, or by facts of which the court may take judicial notice.")

Plaintiff concedes that it does not have or maintain any bars, nightclubs, dance clubs, or

restaurants within New York City or State utilizing the Touch mark. Further, the

assertion that Plaintiff has a physical presence in New York yet does not operate in the

State is nonsensical.

11

Moreover, even if the Court accepted Plaintiff's contradictory assertions, those assertions are belied by facts in which the court can take judicial notice. Public records reflect that Plaintiff, a Florida Limited Liability Corporation,  is not registered to do business within the State of  New York as a foreign Limited Liability Corporation. Additionally, the Court can take judicial notice of the fact that Plaintiff neither holds a New York State liquor license,[6] nor a cabaret license issued by the New York City Department of Consumer Affairs.[7]  If Plaintiff's averments that it maintains a presence in New York are true, then Plaintiff would be in violation of several New York State and City Laws.

Most importantly, however, the self contradictory allegations does nothing to demonstrate that the Plaintiff intends to enter the New York market for nightclub, restaurant, or bar services. Leaving aside momentarily the issue of whether Plaintiff is authorized to transact business within the State of New York, the self contradictory allegations regarding presence in New York State are deficient. Plaintiff has not pled that it operates a bar, nightclub, or other type of establishment in New York.  Without such facts, Plaintiff does not plead a cognizable claim under the Lanham Act.

Finally, the allegations that Plaintiff and or MGN may advertise are insufficient to entitle Plaintiff it to relief under the Lanham Act. Any such advertising would need to be- at the very least- demonstrative of an intention of either party to enter the others respective geographic markets. Plaintiff does not allege that it maintains a specific

---

[6] The New York State Liquor Authority maintains a searchable database on its web page located at
http://www.trans.abc.state.ny.us/JSP/query/PublicQueryPrincipalSearchPage.jsp
[7] The New York City Department of Consumer Affairs maintains a searchable database on its web page located at https://a069-webapps12.nyc.gov/dca_new/index.cfm

advertising campaign aimed at New York City or State nor does it make any suggestions about the advertising campaign of MGN. As such, the allegation is simply insufficient.

The fact that Plaintiff and MGN may operate in the same geographic market at some point in the future in insufficient as a matter of law.  Plaintiff's complaint must therefore be dismissed.


      **B.**    **PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIMS ARE NOT RIPE FOR ADJUDICATION UNDER ARTICLE III, SECTION 2 OF THE UNITED STATES CONSTITUTION BECAUSE THERE IS NO CASE OR CONTROVERSY BEFORE THIS COURT**


This Complaint must also be dismissed because Plaintiff has not and cannot plead injury in fact as required by Article III, Section 2 of the United States Constitution. Article III, Section 2 limits a federal court's jurisdiction to adjudicate claims in which actual cases or controversies exist.  *Steel Co v. Citizens for a better Environment*, 523 U.S . 83, 101 (1998) ("Article III, §2 of the Constitution extends the judicial power of the United States only to 'cases' and 'controversies'."); *Lujan v. Defenders of Wildlife*, 504 US 555, 559(1992) ("Article III, §2 limits the jurisdiction of Federal courts to 'cases' and 'controversies'…"); *Allen v. Wright*, 468 US 737, 750 (1984) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'") *Flast v. Cohen*, 392 US 83, 94 (1969) ("the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'"). Thus, in order to bring a case in federal court, the United States Constitution requires a plaintiff to establish, "the irreducible constitutional minimum of standing which contains three elements": (i) an injury-in-fact—an invasion of a legally protected interest that is concrete and

13

particularized and actual or imminent not conjectural or hypothetical, (2) that is fairly

traceable to defendant's allegedly violating acts, and (3) that is likely to be redressed by

the relief requested. *Lujan v. Defenders of Wildlife*, 504 US 555, 560-61 (1992).  The

Supreme Court has stated that the first element-in jury-in fact, "is first and foremost" of

the elements. *Steel Co. v. Citizens for A Better Environment*, 523 U.S. 82, 103 (1998). It

is the party invoking federal jurisdiction that bears the burden of establishing these

elements. *Id*. at 561.


Here, Plaintiff cannot satisfy the first and foremost element of the case and

controversy test—injury-in fact.  The injury-in-fact inquiry, has a qualitative and

temporal prong. *Whitmore v. State of Arkansas*, 495 US 149, 155 (1990).  First, "the

complainant must allege an injury to himself that is distinct and palpable, as opposed to

merely abstract." *Id*. Second, "the alleged harm must be actual or imminent not

conjectural or hypothetical." *Id*.  *See also, City of Los Angeles v. Lyons*, 461 U.S. 95,101-

02  (1983), ("[plaintiff] must show that he has sustained or is immediately in danger of

sustaining some direct injury as the result of the challenged …conduct and the injury

threat of injury must be both real and immediate, not conjectural or hypothetical."

*Internal citation omitted bracketing added*.)

In this case, the Plaintiff's pleadings make plain that it has not and cannot satisfy

the temporal or qualitative burden of the injury-in-fact inquiry because, absent its entry

into the New York market, it cannot assert actual consumer confusion.  Plaintiff has

conceded that it does not operate any establishment within the New York market using

the service mark, Touch, nor has sufficiently pled any attempt to operate such an

establishment in the New York market. (Counterclaim ¶¶ 65-72, Answer ¶¶ 10-17)

Plaintiff's denials in its pleadings that it: "does not have or maintain a physical presence

within New York City utilizing the name Touch,"(Counterclaim ¶ 63, Answer ¶8) and

"does not transact business utilizing the service mark Touch in New York City"

(Counterclaim ¶ 61, Answer ¶ 6) are inconsistent with the pleadings in this case and

should be rejected.  As such, the claim of consumer confusion--the touchstone of a

trademark infringement claim- is abstract, conjectural, and hypothetical at best. Any

relief that this Court would grant would be based upon speculation rather than an actual

or imminent concrete injury. Accordingly, because Plaintiff cannot establish an injury-in-

fact the Court is without an actual case or controversy depriving it of jurisdiction under

Article III, §2 of the Constitution. This Complaint must be dismissed.


## II.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Since Plaintiff's federal law claims are not cognizable this Court should decline to

exercise supplemental jurisdiction over the New York State law claims asserted by

Plaintiff.   Section 1367(c) of 28 United States Code provides that a district court may

decline to exercise supplemental jurisdiction over a claim in four circumstances, one of

which is when the district court dismisses all claims over which it has original

jurisdiction. 18 U.S.C. §1357(c)(4).  Once federal claims are dismissed the court, "must

reassess its jurisdiction over a case by considering several related factors- judicial

economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d

39, 55 (2nd Cir. 2004).  It is well established, however, that when all federal claims are

15

dismissed before trial, the state claims should be dismissed as well. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 450 n7 (1988)("[when] all federal claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine-judicial economy, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 55 (2nd Cir. 2004); *Castellano v. Bd. Of Trustees*, 937 F.2d 752, 758 (2nd Cir. 1991).

Accordingly, for the reasons set forth above Plaintiff's state law claims for common law trademark Infringement and unfair competition unfair competition should be dismissed.

## CONCLUSION

For all the foregoing reasons, MGN, Muhamet Nikezi, and Naim Nezaj respectfully request that Plaintiff's Complaint be dismissed under Rule 12(c) for failure to state a claim or alternatively, that summary judgment be granted in Defendants' favor.

Dated: New York, New York
          August 4, 2008

Respectfully submitted,

By   /s/ Glenn A. Wolther
Glenn A. Wolther [GW-5740]
Law Office Glenn A. Wolther
*Attorney for Defendants*
305 Broadway, Suite 1102
New York, NY 10007
(212) 964-2120
(212) 964-0763 (fax)