UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

S B ICE, LLC
A Florida Limited liability company,

ECF CASE

**08 cv 3164 (DLC)**

Plaintiff,

**DECLARATION OF
GLENN A. WOLTHER**

-against-

MGN, LLC d/b/a/ TOUCH, a New York limited
Liability company, MUHAMET NIKEZI, an
Individual, and NAIM NEZAJ, and individual,

Defendants.

------------------------------------------------------------------------- x

GLENN A. WOLTHER, pursuant to 28 U.S.C. §1746, hereby declares under penalty of perjury, under the laws of the United States of America, that the following is true and correct:

1.     I am the attorney for Defendants, MGN, LLC, Muhamet Nikezi, and Naim Nezaj in the above captioned matter and as such am familiar with the facts stated herein.

2.     I submit this declaration in support of Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

3.     Attached hereto as Defendants', Exhibit "A" is a copy of Plaintiff's Complaint dated March 28, 2008.

4.     Attached hereto as Defendants', Exhibit "B" is a copy of its Second Amended Answer and Counterclaim dated June 24, 2008.

5.      Attached hereto as Defendants' Exhibit "C" is a copy of Plaintiff's Denial
Of Affirmative Defenses and Answer and Affirmative Defenses to the
Second Amended Counterclaim.

Dated: New York, New York
       August 4, 2008

                                        /s/ Glenn A. Wolther
                                        Glenn A. Wolther [GW 5740]
                                        *Attorney for Defendants*
                                        305 Broadway, Suite 1102
                                        New York, New York 10007
                                        (212) 964-2120

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

S B ICE, LLC,
a Florida limited liability company,

        Plaintiff,

    v.

MGN, LLC d/b/a TOUCH, a New York limited
liability company, MUHAMET NIKEZI, an
individual, and NAIM NEZAJ, an individual,

        Defendants.

-----------------------------------------------------------------------x



08 CV 03164

JURY TRIAL REQUESTED

        The Plaintiff S B ICE, LLC, ("S B ICE"), by its undersigned attorneys, as and for its

Complaint against Defendants MGN, LLC d/b/a TOUCH, MUHAMET NIKEZI, and NAIM

NEZAJ, alleges as follows:

### JURISDICTION AND VENUE

        1.     This is an action for trademark infringement under § 32 of the Lanham Act, 15

U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under common law.

        2.     The Court has original jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

1331 and 1338 with respect to the claims arising under federal law, and supplemental jurisdiction

pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 with respect to the claims arising under

the laws of New York State. The claims asserted herein arose in this district and Defendants are

offering, providing, or attempting to provide its unauthorized services in this district.

        3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, upon

information and belief, Defendants reside and/or conduct or have conducted business in this

judicial district and a substantial part of the events giving rise to the claims occurred in this district.

4.     This Court has personal jurisdiction over Defendant MGN since, upon information and belief, it is engaged in substantial business within this district. Specifically, upon information and belief, MGN operates and maintains business operations and offers and provides infringing services to consumers within this district. This Court has personal jurisdiction over Defendants MUHAMET NIKEZI and NAIM NEZAJ since, upon information and belief, they both reside within this district.

## THE PARTIES

5.     Plaintiff S B ICE is a limited liability company organized and existing under the laws of Florida, having its principal place of business at 910 Lincoln Road, Miami Beach, Florida 33139. Plaintiff is, *inter alia*, engaged in the business of providing and offering bar and nightclub services to customers throughout the United States, including within this district.

6.     Upon information and belief, MGN is a limited liability company organized and existing under the laws of the State of New York, which has its principal place of business at 240 West 52nd Street, New York, New York 10019.

7.     Upon information and belief, Defendant MUHAMET NIKEZI is an adult individual residing within this district and is one of the principals operating MGN, as set forth more fully below.

8.     Upon information and belief, Defendant NAIM NEZAJ is an adult individual residing within this district and is one of the principals operating MGN, as set forth more fully below.

## GENERAL ALLEGATIONS

9.      Plaintiff S B ICE is the owner of the service mark TOUCH for use in connection with nightclub and restaurant services ("Plaintiff's Trademark").  Plaintiff's Trademark is the subject of United States Trademark Registration No. 2,862,317 for the mark TOUCH, registered on July 13, 2004, in connection with nightclub services (International Class 041) and restaurant services (International Class 043), bearing a date of first use of August 2000.  A copy of U.S. Registration No. 2,862,317 directed to the mark TOUCH is attached hereto as Exhibit A.

10.      Plaintiff S B ICE also owns Florida Trademark Registration No. T03000000313 for the mark TOUCH, which was registered on March 13, 2003, in connection with restaurant, food and beverage preparation and serving services (International Class 042), bearing a date of first use of August 2000.  A copy of Florida Registration No. T03000000313 directed to the mark TOUCH is attached hereto as Exhibit B.

11.      Plaintiff provides nightclub, bar, restaurant, food and beverage preparation and serving services under Plaintiff's Trademark, which are conducted, advertised and offered for sale in intrastate, interstate, foreign and electronic commerce.

12.      From at least as early as August 2000 and continuing to date, Plaintiff has operated a nightclub and restaurant under the TOUCH mark.  Plaintiff has spent substantial time, money and effort promoting Plaintiff's Trademark.

13.      As a result of the restaurant, bar, nightclub, food and beverage preparation and serving services provided by Plaintiff, the name and mark TOUCH has become a strong, well and favorably known designation of origin to the general public throughout the United States for the goods and services of Plaintiff.  Plaintiff has established extensive goodwill and public

3

recognition for the TOUCH mark nationally and internationally, including New York State, as an exclusive identification of the services offered and goods sold by Plaintiff.

14.     MGN transacts business and provides its services in this district through a nightclub named "TOUCH," which is located within the district, specifically, New York City. Upon information and belief, Defendants are engaged in the nightclub business and in use of the TOUCH mark, which infringes Plaintiff's Trademark, is confusingly similar to the Plaintiff's Trademark and unfairly competes with Plaintiff.

15.     Defendants have adopted, advertised and used the wording "TOUCH" as part of their mark to identify their services and, as a result, are (i) trading on the goodwill and reputation of Plaintiff, (ii) capitalizing on the substantial expenditures made by Plaintiff in advertising and promoting the TOUCH mark, and (iii) misleading the purchasing public into believing MGN's services are authorized, connected with, sponsored or approved by Plaintiff.

16.     Upon information and belief, Defendants began using the name and mark "TOUCH" to identify its nightclub services on or about November 29, 2007, well after Plaintiff's first use of the mark for bar, restaurant and nightclub services in August of 2000.

17.     Upon information and belief, Defendants have been using Plaintiff's Trademark with full knowledge and willful disregard of Plaintiff's exclusive rights to the TOUCH mark. Defendants' conduct is intentional, willful, wanton, fraudulent and malicious, and is being undertaken with intent to reap the benefit of Plaintiff's goodwill associated with the TOUCH mark and registrations.

18.     Defendants NIKEZI and NEZAJ were the moving, active and conscious forces behind MGN's acts of infringement and unfair competition in their selection and decisions to adopt and continue using Plaintiff's Trademark, and in authorizing and approving such acts.

4

19.    Plaintiff has at no time consented to Defendants' use of Plaintiff's Trademark or any similar variations thereof.  Plaintiff will suffer great and irreparable harm if Defendants continue to use Plaintiff's Trademark in commerce.  Such harm is cumulative, and escalates each day the unauthorized use continues.  As such, Plaintiff has no adequate remedy at law.

20.    Defendants' use of Plaintiff's Trademark is likely to cause, and is causing confusion, mistake and deception among the general consuming public and trade as to the origin and quality of Plaintiff's and Defendants' services, and Defendants have been unjustly enriched thereby.

21.    As a direct and proximate result of Defendants' acts described herein, Plaintiff has been required to retain the undersigned and other counsel, and has agreed to pay a reasonable fee for their services, and to reimburse them for expenses.

### FIRST CLAIM FOR RELIEF
(Trademark Infringement—15 U.S.C. § 1114)

22.    Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through twenty-one (21) above, as if set forth fully herein.

23.    Commencing after November 29, 2007, Defendants, without Plaintiff's consent, have engaged in the acts of offering, providing, promoting and otherwise advertising bar and nightclub services under the "TOUCH" mark, thereby infringing upon Plaintiff's Trademark.

24.    Defendants have been providing, offering, advertising and promoting services bearing infringing imitations or exact replicas of Plaintiff's Trademark.  Defendants are continuously infringing and inducing others to infringe the Plaintiff's Trademark through such acts.

25.    Defendants' actions constitute infringement of Plaintiff's trademark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

26.    Defendants' unlawful actions have caused and are continuing to cause damages to Plaintiff in an amount to be determined at trial and Plaintiff is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
(False Designation of Origin and Unfair Competition—15 U.S.C. § 1125-A)

27.    Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through twenty-six (26) above, as if set forth fully herein.

28.    Upon information and belief, Defendants have and are using Plaintiff's Trademark in connection with bar and nightclub services and are advertising said services throughout the United States under Plaintiff's Trademark.

29.    The use of Plaintiff's Trademark by Defendants is a deliberate attempt to imitate and replicate the Plaintiff's Trademark. Accordingly, Defendants' activities are likely to cause confusion among the general public and in the trade as to the origin of the infringing services, and to create a mistaken belief of association with or sponsorship by Plaintiff.

30.    Defendants have used false designations of origins and false descriptions and representations in connection with their services, including words or other symbols which tend to falsely describe or represent such services as connected to Plaintiff. Defendants have provided such services in commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

31.    Defendants' actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

## THIRD CLAIM FOR RELIEF
(Common Law Trademark Infringement)

33.    Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through thirty-two (32) above, as if set forth fully herein.

34.    Commencing on or about November 29, 2007, Defendants have provided, offered, advertised and promoted services in connection with Plaintiff's Trademark, in commerce, without Plaintiff's consent, which infringes Plaintiff's Trademark.

35.    As a result of the confusing similarity of the mark used by Defendants and the other infringing conduct described above, Defendants have infringed upon Plaintiff's exclusive common law rights in and to Plaintiff's Trademark, in that such use is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of the respective services.

36.    Defendants' use of the marks identical and/or confusingly similar to Plaintiff's Trademark in connection with bar and nightclub services and the other conduct set out above constitutes infringement of Plaintiff's common law trademark rights in and to Plaintiff's Trademark.

37.    Defendants' conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and will continue to damage Plaintiff and deceive the public unless enjoined by this Court.

38.    Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

7

## FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

39.    Plaintiff hereby repeats and realleges the allegations set forth in paragraphs one (1) through thirty-eight (38) above, as if set forth fully herein.

40.    The aforesaid use by Defendants of marks identical and/or confusingly similar to Plaintiff's Trademark, and Defendants' other conduct described above falsely suggests an association with, sponsorship by, licensing by or authorization by Plaintiff of Defendants' business.

41.    Upon information and belief, the aforesaid use by Defendants of marks identical and/or confusingly similar to Plaintiff's Trademark in connection with services similar or identical to those sold by Plaintiff, and Defendants' other conduct described above was calculated to deceive or confuse the public and to profit unjustly from the respective goodwill of Plaintiff in its trademark.

42.    Defendants' actions constitute unfair competition with Plaintiff under common law.

43.    Plaintiff is entitled to damages in an amount to be determined at trial and is entitled to injunctive relief.

**WHEREFORE**, Plaintiff seeks judgment as follows:

A.    A preliminary and permanent injunction enjoining Defendants and MGN's respective officers, agents, servants, employees, attorneys, and those persons in concert or participation with any of them: (1) from using in any way Plaintiff's Trademark or any designation, design or trade dress so similar as to be likely to cause confusion, mistake or deception with, or to dilute in any way Plaintiff's Trademark, and (2) from unfairly competing with Plaintiff in any manner;

B.    Ordering Defendants to sequester, forfeit and deliver up for destruction all materials bearing Plaintiff's Trademark and any similar variations thereof, in their possession or control, or in the possession or control of any of their agents;

C.    Ordering Defendants to pay Plaintiff such actual damages to be determined at trial as it has sustained as a result of the infringement and dilution of Plaintiff's trademark and unfair competition ;

D.    Ordering that Defendants account and pay to Plaintiff all profits derived from their acts of infringement and unfair competition, and all amounts which constitute unjust enrichment to be determined at trial;

E.    Ordering Defendants to pay treble damages to Plaintiff;

F.    Ordering Defendants to pay Plaintiff's reasonable attorneys' fees and costs;

G.    Awarding Plaintiff pre-judgment interest on its judgment;

And granting Plaintiff such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands trial of its causes of action herein, and so triable as a matter of right,

before a jury.


Dated: New York, New York
      March 28, 2008

<div style="margin-left:40%">

BRACEWELL & GIULIANI, LLP

By: _____

Rachel B. Goldman
1177 Avenue of the Americas
19th Floor
New York, New York 10036-2714
(212) 508-6135
(212) 938-3835 (facsimile)

ATTORNEYS FOR PLAINTIFF
S B ICE, LLC

</div>

OF COUNSEL:

SANTUCCI, PRIORE & LONG, LLP
Michael I. Santucci, Esq.
Florida Bar No. 0105260
500 West Cypress Creek Road
Suite 500
Fort Lauderdale, Florida 33309
(954) 351-7474
(954) 351-7475 (facsimile)

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
 S B ICE, LLC
A Florida Limited liability company,

                                                    **08 cv 3164 (DLC)**

                              Plaintiff,

                                                    **SECOND AMENDED
                                                    ANSWER AND
                                                    COUNTERCLAIM**

                    -against-

MGN, LLC d/b/a/ TOUCH, a New York limited
Liability company, MUHAMET NIKEZI, an
Individual, and NAIM NEZAJ, and individual,



                              Defendants.
------------------------------------------------------------------------ x

     Defendants, (i) MGN, LLC d/b/a Touch and (ii) Muhamet Nikezi and, (iii) Naim

Nezaj by their attorney, the Law Offices of Glenn A. Wolther, as and for their Answer to

the Complaint, Affirmative Defenses, and Counter Claim respectfully allege, upon

information and belief, as follows:


    1.    Admit that plaintiff claims in paragraph "1" of the Complaint that this

        action is for trademark infringement under 15 U.S.C. §1114; unfair

        competition and false designation of origin under 15 U.S.A. §1225(a), and

        common law trademark infringement and unfair competition.   The

        averments constitute legal conclusions to which no further response is

        required.

2.      Admit the plaintiff alleges in paragraph "2" of the Complaint that this

Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1131 and

1338, and 1367. The averments constitutes legal conclusion to which no

further response is required.  Deny knowledge or information sufficient to

form a belief as to allegations contained in the last sentence of paragraph

"2" of the Complaint.


3.      Admit the averments set forth in paragraph "3" of the Complaint that

plaintiff claims that this Court's venue is based upon Title 28 U.S.C.

Section 1391(b). Deny knowledge or information sufficient to form a

belief as to allegations contained in paragraph "3" of the Complaint

regarding "a substantial part of the events."   Deny that defendants

Muhamet Nikezi and Naim Nezaj reside in this district.


4.      Deny the allegations contained in paragraph "4" of the Complaint.


5.      Deny knowledge or information sufficient to form a belief as to

allegations contained in paragraph "5" of the Complaint


6.      Admit.


7.      Deny the allegations contained in paragraph "7" of the Complaint that

Muhamet Nikezi resides within this district. Further deny knowledge or

information sufficient to form a belief as to allegations that he is a
"principal" as that term is undefined.  However, admit that he is a member
of MGN, LLC.

8.      Deny the allegations contained in paragraph "8" of the Complaint that
Naim Nezaj resides within this district. Further deny knowledge or
information sufficient to form a belief as to allegations that he is a
"principal" as that term is undefined.  However, admit that he is a member
of MGN, LLC.

9.      Deny knowledge or information sufficient to form a belief as to
allegations contained in paragraph "9" of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to
allegations contained in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to
allegations contained in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to
allegations contained in paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to

allegations contained in paragraph "13" of the Complaint.


14.     Deny that defendants have infrindiged upon the "TOUCH" mark or that it

is "confusingly similar" to plaintiff's alleged Trademark or that defendants

"unfairly compete[]" with plaintiff. Admit that MGN, LLC transacts

business and services within this district in a nightclub d/b/a Touch.


15.     Admit that Defendant MGN LLC utilized the d/b/a Touch in connection

with its New York City operations. Deny the remained of the averments

contained within paragraph "15" of the complaint.


16.     Admit that Defendant MGN, LLC begain to utilize the word Touch on or

about November 29, 2007. Deny knowledge or information sufficient to

form a belief as to the averments regarding plaintiff's "first use." Deny the

remained of the averments contained within paragraph "16" of the

complaint.


17.     Deny the averments contained within paragraph "17" of the Complaint.


18.     Deny the averments contained within paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to
        allegations contained in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to
        allegations contained in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to
        allegations contained in paragraph "21" of the Complaint.

22.     In response to the averments set forth in paragraph "22" of the Complaint,
        Defendants hereby repeat and re-allege the responses set forth in
        paragraphs "1"  through "21" of this Answer, inclusive of all subparts, as
        if fully set forth herein.

23.     Deny the averments contained within paragraph "23" of the Complaint,
        except admit to the extent that on or about November 29, 2007 MGN LLC
        began utilizing the d/b/a Touch.

24.     Deny the averments contained within paragraph "24" of the Complaint.

25.     Deny the averments contained within paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to
        allegations contained in paragraph "26" of the Complaint.

27.     In response to the averments set forth in paragraph "27" of the Complaint,
        Defendants hereby repeat and re-allege the responses set forth in
        paragraphs "1"  through "26" of this Answer, inclusive of all subparts, as
        if fully set forth herein.

28.     Deny the averments contained within paragraph "28" of the Complaint
        except admit that MGN, LLC utilizes the d/b/a Touch.

29.     Deny the averments contained within paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to
        allegations contained in paragraph "30" of the Complaint.

31.     Deny the averments contained within paragraph "31" of the Complaint.

32.     Deny the averments contained within paragraph "32" of the Complaint.

33.     In response to the averments set forth in paragraph "33" of the Complaint,
        Defendants hereby repeat and re-allege the responses set forth in

paragraphs "1"  through "32" of this Answer, inclusive of all subparts, as if fully set forth herein.

34.    Deny the averments contained within paragraph "34" of the Complaint, except admit to the extent that on or about November 29, 2007 MGN, LLC began utilizing the d/b/a Touch.

35.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "35" of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "36" of the Complaint.

37.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "38" of the Complaint.

39.    In response to the averments set forth in paragraph "39" of the Complaint, Defendants hereby repeat and re-allege the responses set forth in

paragraphs "1"  through "38" of this Answer, inclusive of all subparts, as if fully set forth herein.

40.    Deny knowledge or information sufficient to form a belief as to allegations contained in paragraph "40" of the Complaint.

41.    Deny the averments contained within paragraph "41" of the Complaint.

42.    Deny the averments contained within paragraph "42" of the Complaint.

43.    Deny the averments contained within paragraph "43" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE  DEFENSE

44.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE  DEFENSE

45.    The complaint fails to state a claim upon which relief can be granted against Muhamet Nikezi individually, as he is not a proper party to this action.

## AS AND FOR A THIRD AFFIRMATIVE  DEFENSE

46.     The complaint fails to state a claim upon which relief can be granted

against Naim Nezaj individually, as he is not a proper party to this action.

**AS AND FOR A FOURTH AFFIRMATIVE  DEFENSE**

47.     There is no actual Article III case or controversy before this court,  the

court lacks subject matter jurisdiction, plaintiff's claims are not yet ripe for

adjudication, plaintiff's claims are not redressable,  plaintiff has not

suffered any injury in fact, and plaintiff lacks standing.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

48.     Acquiescence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

49.     Abandonment.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

50.     Fair Use.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

51.     Plaintiff has no physical presence within New York City or State. Plaintiff

does not have or maintain any bars, nightclubs, or restaurants within New

York City or State utilizing the name Touch

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.     No likelihood of confusion.


## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.     Third party use.


## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

54.     The term is generic.


## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55.     The term, as used by plaintiff, has not acquired secondary meaning within

New York.


## AS AND FOR A FIRST COUNTERCLAIM
## BY MGN, LLC

56.     Defendant MGN, LLC repeats and realleges each and every allegation

contained in paragraphs 1 through 55 as if repeated fully herein.


57.     This Court has jurisdiction based on 15 U.S.C. §1121 and 28 U.S.C.

§§1331 and 1338, 28 U.S.C. §§2201, 2202 and Rule 57.  This Court has

supplemental jurisdiction pursuant to 28 U.S.C. §§1367 and 1368(b), to

entertain claims arising under state law.

58.   Defendant MGN,LLC transacts business within New York City, New
      York.

59.   MGN, LLC uses the name "Touch" in commerce in connection with its
      dance club which is licensed to serve alcoholic beverages within New
      York City.

60.   MGN, LLC uses the word Touch in a different context, way,  manner, and
      market place that does Plaintiff. The marks are not similar.

61.   Upon information and belief, plaintiff SB ICE, LLC does not transact
      business utilizing the service mark Touch within New York City.

62.   Upon information and belief,  plaintiff SB ICE, LLC does not transact
      business utilizing the service mark Touch within New York State.

63.   Upon information and belief,  plaintiff SB ICE, LLC does not have or
      maintain any physical presence within New York City utilizing the name
      Touch.

64.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any physical presence within New York State utilizing the name Touch.

65.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any bars within New York City utilizing the name Touch.

66.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any bars within New York State utilizing the name Touch.

67.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any nightclubs within New York City utilizing the name Touch.

68.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any nightclubs within New York State utilizing the name Touch.

69.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any dance clubs within New York City utilizing the name Touch.

70.    Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any dance clubs within New York State utilizing the name Touch.

71.     Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any restaurants within New York City utilizing the name Touch.

72.     Upon information and belief,  plaintiff SB ICE, LLC does not have or maintain any restaurants within New York State utilizing the name Touch.

73.     Upon information and belief,  plaintiff, SB ICE, LLC utilizes the mark Touch in conjunction with a combination restaurant, bar, and nightclub in the State of Florida.

74.     Plaintiff's assertion of, *inter alia*, trademark infringement jeopardizes MGN, LLC's continued and ongoing use of the service mark Touch for dance club and bar services within New York City and New York State.

75.     While, upon information and belief, plaintiff has no physical presence, Bar, Nightclub, or Restaurant within New York City or State, its assertion of infringement jeopardizes MGN, LLC continued and ongoing use of the word Touch within New York City and State.

76.     MGN, LLC has no adequate remedy at law.

77.     MGN, LLC is entitled to a declaration by this court that it has not infringed upon plaintiff trademark under federal or state law.

**WHEREFORE**,  Defendants, respectfully request: that this Court enter judgment dismissing the Complaint, deny plaintiff's request for injunctive relief,  and further that judgment be entered on defendant MGN, LLC's counterclaim in its favor and against the plaintiff, granting to the defendant MGN, LLC the following:

(i) On its First Counterclaim a declaration of non infringement of plaintiff's trademark;

(ii) fees, interests, and costs of this action, together with other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 24, 2008

Law Office of Glenn A. Wolther

By:    s/s Glenn A. Wolther
       Glenn A. Wolther [GW-5740]
       Law Office of Glenn A. Wolther
       305 Broadway,  Suite 1102
       New York, New York 10007
       (212) 964-2120

cc.

Rachel B. Goldman, Esq. (via ECF)
Michael I. Santucci, Esq. (via ECF)

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

S B ICE, LLC,
a Florida limited liability company,

                Case No.: 08cv03164

        Plaintiff,                  Judge Cote

        v.

MGN, LLC d/b/a TOUCH, a New York limited
liability company, MUHAMET NIKEZI, an
individual, NAIM NEZAJ, an individual,        **DENIAL OF AFFIRMATIVE
DEFENSES AND ANSWER AND
AFFIRMATIVE DEFENSES TO
SECOND AMENDED
COUNTERCLAIM**

        Defendants.

-------------------------------------------------------------------x

Plaintiff/Counter-Defendant, S B ICE, LLC, by and through its undersigned counsel, hereby files

the following Denial of Affirmative Defenses and its Answer and Affirmative Defenses to the

Amended Counterclaim filed by Defendants MGN, LLC d/b/a **TOUCH**, MUHAMET NIKEZI,

and NAIM NEZAJ, and alleges:

## DENIAL OF AFFIRMATIVE DEFENSES

      Plaintiff/Counter-Defendant, S B ICE, LLC (Hereinafter referred to as "SB ICE"), hereby

expressly denies the First (1st) through Twelfth (12th) Affirmative Defenses that were alleged by

the Defendants MGN, LLC d/b/a **TOUCH**, MUHAMET NIKEZI, and NAIM NEZAJ

("Defendants") and demands strict proof by each of the Defendants thereof, with the exception

of Defendants' Eighth (8th) Affirmative Defense.  As to Defendants' Eighth (8th) Affirmative

Defense, SB ICE admits the fact pled, but denies the relevance and materiality of said facts, and

denies that same is a proper affirmative defense under Rule 8(c), Fed.R.Civ.P.

## **ANSWER TO SECOND AMENDED COUNTERCLAIM**

1.      In response to Paragraph 56 of the Second Amended Counterclaim, SB ICE hereby repeats and re-alleges SB ICE's admissions, denials and other allegations relative to Paragraphs 1 through 77 of Defendants' Second Amended Answer and Counterclaim, as if fully set forth herein.

2.      SB ICE admits the allegations contained in Paragraph 57.

3.      SB ICE admits the allegations contained in Paragraph 58.

4.      SB ICE admits the allegations contained in Paragraph 59.

5.      SB ICE denies the allegations contained in Paragraph 60 and demands strict proof thereof.

6.      SB ICE denies the allegations contained in Paragraph 61 and demands strict proof thereof.

7.      SB ICE denies the allegations contained in Paragraph 62 and demands strict proof thereof.

8.      SB ICE denies the allegations contained in Paragraph 63 and demands strict proof thereof.

9.      SB ICE denies the allegations contained in Paragraph 64 and demands strict proof thereof.

10.      SB ICE admits the allegations contained in Paragraph 65.

11.      SB ICE admits the allegations contained in Paragraph 66.

12.      SB ICE admits the allegations contained in Paragraph 67.

13.      SB ICE admits the allegations contained in Paragraph 68.

14.      SB ICE admits the allegations contained in Paragraph 69.

15.     SB ICE admits the allegations contained in Paragraph 70.

16.     SB ICE admits the allegations contained in Paragraph 71.

17.     SB ICE admits the allegations contained in Paragraph 72.

18.     SB ICE admits the allegations contained in Paragraph 73 as to the fact that Counter-Defendant utilizes the mark "**TOUCH**" in connection with restaurant, bar, and nightclub services.  SB ICE denies the allegations contained in Paragraph 73 as to the fact that restaurant services are the only services associated with the mark "**TOUCH**" as used by Counter-Defendant, and that the mark "**TOUCH**" is used by the Counter-Defendant only in the State of Florida.  SB ICE denies all other allegations contained in Paragraph 73 and demands strict proof thereof.

19.     SB ICE admits the allegations contained in Paragraph 74 as to the fact that one of the remedies SB ICE seeks in this action is to prevent the Defendants from using the **TOUCH** service mark.  However, SB ICE denies the allegations contained in Paragraph 74 to the extent that they imply that Defendants have any lawful right to use the **TOUCH** service mark in the State of New York, York City, or anywhere in the United States.  SB ICE denies all other allegations contained in Paragraph 66 and demands strict proof thereof.

20.     SB ICE admits the allegations contained in Paragraph 75 as to the fact that one of the remedies SB ICE seeks in this action is to prevent the Defendants from using the **TOUCH** service mark.  However, SB ICE denies the allegations contained in Paragraph 75 to the extent that they imply that Defendants have any lawful right to use the **TOUCH** service mark in the State of New York, York City, or anywhere in the United States.  SB ICE denies that denies the allegations contained in Paragraph 75 as to the effect that SB ICE has no presence in New York City and State.  SB ICE repeats and re-alleges its allegations set forth in Paragraphs 6 to 17

herein.  SB ICE denies all other allegations contained in Paragraph 75 and demands strict proof thereof.

21.     SB ICE denies that Defendants are entitled to any remedy, at law, in equity or otherwise.  SB ICE denies all other allegations contained in Paragraph 76 and demands strict proof thereof.

22.     SB ICE denies the allegations contained in Paragraph 77 and demands strict proof thereof.

23.     SB ICE specifically denies Defendants' prayer for attorneys' fees relative to its Counterclaim.  SB ICE denies all allegations that are not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIM

24.     For its First Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, it has been the owner of the following trademark registrations:

a.      Federal Trademark Registration No. 2,862,317 for the mark **TOUCH**, registered on July 13, 2004, in connection with nightclub services (International Class 041) and restaurant services (International Class 043), with a date of first use of August 2000 (See U.S. Registration No. 2,862,317 directed to the mark **TOUCH** attached to the Complaint as ***Exhibit "A"***);

b.      Florida Trademark Registration No. T03000000313 for the mark **TOUCH**, registered on March 13, 2003, in connection with restaurant, food and beverage preparation and serving services (International Class 042), with a date of first use of August 2000 (See Florida Registration No. T03000000313 directed to the mark **TOUCH** attached to the Complaint as ***Exhibit "B"***).

4

25.   For its Second Affirmative Defense, SB ICE would show unto the court that it commenced use of the mark **TOUCH** in connection with the subject services, and related services, years prior to the Defendants' commencement of use thereof.  As such, SB ICE is the senior user, and has priority of right over Defendants to use the **TOUCH** mark in connection with the subject services and related services.

26.   For its Third Affirmative Defense, SB ICE would show unto the court that, at times material hereto, Defendants' use of the **TOUCH** mark has caused actual consumer confusion or mistake as to the source of the parties' respective services.

27.   For its Fourth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, Defendants' use of the **TOUCH** mark has created a likelihood of consumer confusion or mistake as to the source of the parties' respective services.

28.   For its Fifth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto Defendants' actions constitute a false designation of origin and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.   For its Sixth Affirmative Defense, SB ICE would show unto the court that, at all times material hereto, Defendant's actions constitute infringement of Plaintiff's trademark in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.   For its Seventh Affirmative Defense, SB ICE would show unto the court that, at times material hereto, Defendants' actions have been willful, deliberate and/or have been done with reckless disregard of SB ICE's rights.

WHEREFORE, SB ICE respectfully requests that this Court enter judgment dismissing the Amended Counterclaim with prejudice, enter judgment in favor of SB ICE as to all claims

and counterclaims, grant to S B ICE attorneys' fees, interest, and costs of this action, together with other and further relief which this Court may deem just and proper.

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was electronically filed with the Court and forwarded via ECF to Glenn A. Wolther this 9th day of July, 2008.

<div style="margin-left: 50%;">

Respectfully submitted,

Michael I. Santucci, Esq.
SANTUCCI PRIORE & LONG, LLP
Attorneys for Plaintiff
500 West Cypress Creek Road
Suite 500
Fort Lauderdale, Florida 33309
Telephone: 954.351.7474
Facsimile: 954.351.7475

By:     s/s Michael I. Santucci
        Fla. Bar No.: 0105260


Co-Counsel for Plaintiff
Rachel B. Goldman, Esq.
**BRACEWELL & GIULIANI, LLP**
Attorneys for Plaintiff
1177 Avenue of the Americas
19th Floor
New York, New York 10036-2714
Telephone: 212-508-6135
Facsimile: 212-938-3835
E-Mail: rachel.goldman@bgllp.com

</div>