UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
S B ICE, LLC, a Florida limited         :
liability company,                      :
                        Plaintiff,      :
                                        :    08 Civ. 3164 (DLC)
            -v-                         :
                                        :    OPINION & ORDER
MGN, LLC d/b/a/ TOUCH, a New York       :
limited liability company, MUHAMET      :
NIKEZI, an individual, and NAIM NEZAJ,  :
an individual,                          :
                                        :
                        Defendants.     :
----------------------------------------X

Appearances:

For Plaintiff:

Michael I. Santucci
Santucci Priore & Long, LLP
500 West Cypress Creek Road, Suite 500
Fort Lauderdale, FL 33309

Rachel B. Goldman
Bracewell & Giuliani, LLP
1177 Avenue of the Americas, 19th Floor
New York, NY 10036

For Defendants:

Glenn A. Wolther
Law Office of Glenn A. Wolther
305 Broadway, Suite 1102
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiff S B ICE, LLC ("ICE"), a Florida corporation that

operates a Florida nightclub and restaurant named TOUCH, brings

this trademark infringement action against defendants MGN, LLC,

a New York corporation, and two of its principals, Muhamet

Nikezi and Naim Nezaj (collectively, "MGN"), for operating a New

York City nightclub bearing the same name.  Defendants now move

for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P.

For the following reasons, the motion is denied.


BACKGROUND

     The following facts are taken from the complaint.[1]  ICE has

operated a Miami Beach nightclub and restaurant called "TOUCH"

since August 2000.  ICE has marketed TOUCH nationally and has

developed a clientele that resides throughout the United States.

ICE registered the "TOUCH" mark with the United States Patent

and Trademark office in July 2004.  Around November 2007,

defendants began using the name and mark "TOUCH" for their New

York City nightclub.

     ICE filed a complaint seeking an injunction and damages

against MGN on March 28, 2008, alleging trademark infringement

under Section 32 the Lanham Act, 15 U.S.C. § 1114, and false

---

[1] Plaintiff has submitted evidence with its opposition to
defendants' motion to dismiss, but has not attempted to amend
its complaint.  Defendants oppose any conversion of this Rule
12(c) motion into one for summary judgment.  This Opinion will
address this motion as one for judgment on the pleadings, and
will therefore consider only the complaint, exhibits attached to
the complaint, and documents integral to the complaint.  Sira v.
Morton, 380 F.3d 57, 67 (2d Cir. 2004); see Chambers v. Time
Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002) (explaining that
courts may choose between excluding material extraneous to the
complaint and deciding the motion as one for summary judgment).

designation of origin and unfair competition under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a).  ICE also brought common
law claims for trademark infringement and unfair competition.
MGN answered the complaint and brought a counterclaim on June
24, 2008, seeking a declaration of non-infringement.  On August
4, MGN moved to dismiss ICE's complaint under Rule 12(c).

DISCUSSION

When deciding a Rule 12(c) motion for judgment on the
pleadings, "we apply the same standard as that applicable to a
motion under Rule 12(b)(6)."  Desiano v. Warner-Lambert & Co.,
467 F.3d 85, 89 (2d Cir. 2007).  A trial court considering a
Rule 12(b)(6) motion must "accept as true all factual statements
alleged in the complaint and draw all reasonable inferences in
favor of the non-moving party."  McCarthy v. Dun & Bradstreet
Corp., 482 F.3d 184, 191 (2d Cir. 2007).  At the same time,
"conclusory allegations or legal conclusions masquerading as
factual conclusions will not suffice to defeat a motion to
dismiss."  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d
328, 337 (2d Cir. 2006) (citation omitted).

Under the pleading standard set forth in Rule 8(a)(2),
complaints must include a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  "[A] plaintiff is required only to give a

defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

A court considering a Rule 12(b)(6) motion applies a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Defendants argue that plaintiff's federal claims must be dismissed because ICE and MGN operate their nightclubs in geographically distinct markets. MGN asserts that the plaintiff must plead that there is a "present likelihood" that it will use its mark in the defendants' geographic market in order to state a Lanham Act claim.

Under Section 32(1)(a) of the Lanham Act, the owner of a mark registered with the Patent and Trademark Office can bring

suit against a person alleged to have used the mark without the owner's consent. ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 145-46 (2d Cir. 2007). Claims for trademark infringement are analyzed using the two-prong test from Gruner + Jahr USA Publ'g v. Meredith Corp., 991 F.2d 1072 (2d Cir. 1993). Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 115 (2d Cir. 2006). First, plaintiff's mark must merit protection. Id. Second, defendant's use of a similar mark must be likely to cause consumer confusion. Id. A plaintiff can satisfy the first prong by demonstrating that it holds a valid, registered mark. Brennan's Inc. v. Brennan's Restaurant, L.L.C., 360 F.3d 125, 130 (2d Cir. 2004).

To analyze the likelihood of confusion, courts use the multi-factor test from Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961). Louis Vuitton Malletier, 454 F.3d at 116. The non-exclusive list of Polaroid factors includes: (1) the strength of the mark, (2) the similarity of the two marks, (3) the proximity of the products, (4) actual confusion, (5) the likelihood of plaintiff's bridging the gap, (6) defendant's good faith in adopting its mark, (7) the quality of defendant's products, and (8) the sophistication of the consumers. Id. An analysis of the likelihood of confusion is fact-intensive. Savin Corp. v. Savin Group, 391 F. 3d 439, 456 n.11 (2d Cir. 2004).

The third <u>Polaroid</u> factor, proximity of the products,
involves two types of proximity: market proximity and geographic
proximity.  As described by the Second Circuit, "[m]arket
proximity asks whether the two products are in related areas of
commerce and geographic proximity looks to the geographic
separation of the products.  Both elements seek to determine
whether the two products have an overlapping client base that
creates a potential for confusion." <u>Brennan's, Inc.</u>, 360 F.3d
at 134.  The mark of an establishment may be protected in a
distant market, "at least where there is extensive advertising
or evidence of strong reputation in the distant market." <u>Id</u>.

<u>Brennan's</u> demonstrates that customer confusion may
plausibly arise where two establishments are located in the
distant markets of New York and Florida.  ICE's TOUCH mark may
therefore qualify for protection against the TOUCH name used by
MGN in New York if, for example, ICE submits evidence of a
"strong reputation" or "extensive advertising" in New York
sufficient to show an "overlapping client base."  Plaintiff's
complaint avers that it has a customer base throughout the
United States, that it has promoted its trademark extensively,
and that its mark is nationally known.  These statements raise a
plausible claim of trademark infringement.  The defendants may
be able to prove at trial that confusion is unlikely, but the
inquiry in a Rule 12(b)(6) motion looks to the sufficiency of

6

the pleading, not of the evidence.  <u>Societe Des Hotels Meridien</u>

<u>v. LaSalle Hotel Operating Partnership, L.P.</u>, 380 F.3d 126, 132

(2d Cir. 2004).

Moreover, the <u>Polaroid</u> test is a fact-intensive inquiry.

Declaring one factor dispositive -- here, proximity -- is

inappropriate at this early stage in the litigation.  The

complaint is sufficient to give MGN fair notice of the

plaintiff's claim and to state a plausible claim for relief.[2]

Defendant relies on <u>Dawn Donut Company, Inc. v. Hart's Food</u>

<u>Stores</u>, 267 F.2d 358 (2d Cir. 1959) ("<u>Dawn Donut</u>"), to support

its argument that plaintiff must plead that it is likely to "use

its service mark in the same geographic market as defendant" in

order to bring an infringement action.  The plaintiff in <u>Dawn</u>

<u>Donut</u> had not "licensed or otherwise exploited the mark" in

defendant's market for thirty years.  <u>Id.</u> at 360.  ICE's claim

that it markets TOUCH nationally and has clients in New York

distinguishes its use or exploitation of its mark from the <u>Dawn</u>

<u>Donut</u> plaintiff's.  As the Second Circuit recently explained by

citing <u>Dawn Donut</u>, geographic separation is a "significant" --

---

[2] Defendants also argue that there is no subject matter
jurisdiction over this lawsuit because plaintiff's injury is
hypothetical unless it demonstrates concrete plans to enter the
New York market.  Since the plaintiff's Lanham Act claims are
neither "wholly insubstantial" nor "frivolous," <u>Lyndonville Sav.</u>
<u>Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 701 (2d Cir. 2000)
(citation omitted), there is subject matter jurisdiction over
this litigation.

not a determinative -- "indicator that the likelihood of confusion is slight." Brennan's Inc., 360 F.3d at 135.

CONCLUSION

MGN's August 4, 2008 motion for judgment on the pleadings is denied.

SO ORDERED:

Dated:    New York, New York
          October 20, 2008

DENISE COTE
United States District Judge

8